**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SAULO ROBERTO RAMIREZ MATA, | No. 05-71373 |
| Petitioner, | Agency No. A092-313-294 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 15, 2009 [**]

Before:     GOODWIN, WALLACE, and CLIFTON, Circuit Judges.

    Saulo Roberto Ramirez Mata, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reopen to apply for a section 212(c) waiver pursuant to 8 C.F.R. § 1003.44.  Our

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

IH/Research

jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), and we deny in part and dismiss in part the petition for review.

Ramirez Mata's equal protection challenge fails because he was convicted by plea agreement in February 1997 and is therefore not similarly situated to those permanent resident aliens who retroactively became aggravated felons. *See Dillingham v. INS*, 267 F.3d 996, 1007 (9th Cir. 2001) (to succeed on an equal protection challenge, the petitioner must establish that his treatment differed from that of similarly situated persons).

The BIA did not err in refusing to consider Ramirez Mata's challenge to his underlying removal order in the context of a special motion to reopen to apply for a section 212(c) waiver. *See* 8 C.F.R. § 1003.44(e) ("Proceedings shall be reopened under this section solely for adjudicating the application for 212(c) relief.").

To the extent Ramirez Mata raises contentions related to the agency's underlying decision ordering his removal, this court lack jurisdiction because this petition is not timely as to that decision. *See Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir. 2003).

Ramirez Mata's remaining contentions are unpersuasive.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**